

# Fourth Court of Appeals
## San Antonio, Texas

May 28, 2021

No. 04-21-00171-CV

Leticia **RODRIGUEZ**,
Appellant/Cross-Appellee

v.

Lydia **RODRIGUEZ** and Robert Pereida,
Appellees/Cross-Appellants

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI19456
Honorable Cynthia Marie Chapa, Judge Presiding

# O R D E R

This is a cross appeal from a district court judgment in a property dispute. The record on appeal has not yet been filed. On May 27, 2021, appellees filed an "Emergency Motion for Temporary Suspension of Writ of Possession." In their motion, appellees represent that, on February 5, 2021, the trial court issued a judgment against appellees "for the recovery of [a] residence" with a "fair rental value" of $600.00 per month. Appellees further represent that, on May 6, 2021, appellant obtained a writ of possession; that, on May 25, 2021, the writ of possession was delivered; and that, on May 27, 2021, appellees filed a motion with the trial court to set a supersedeas bond to suspend enforcement of the judgment. Appellees request, under Texas Rule of Appellate Procedure 24.4(c), that we "suspend enforcement of the writ of possession during the pendency of [appellees'] motion in the court below for a determination of an amount of supersedeas bond."

Rule 24.4(c) provides: "The appellate court may issue any temporary orders necessary to preserve the parties' rights." Rule 24.1 of the Texas Rules of Appellate Procedure provides that a judgment debtor may supersede a judgment by posting "a good and sufficient bond." *See* TEX. R. APP. P. 24.1(a)(2). In a typical eviction case, we are precluded from suspending judgment "unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." TEX. PROP. CODE ANN. § 24.007. Here, appellees' request to stay enforcement of the judgment has come over three months after judgment. Texas Property Code section 24.007, however, only applies, by its terms, to "[a] judgment of a county court." *Id.* The judgment appealed in the instant case is that of a district court. Under these circumstances, it does not appear that we are constrained by Texas Property Code section

24.007.  We, nevertheless, are mindful of its emphasis on timeliness in appeals where possession of residential property is at issue.  Accordingly, to preserve appellees' rights on appeal until the record and arguments are more fully developed, we GRANT IN PART appellees' motion and ORDER that enforcement of the district court's writ of possession is SUSPENDED until the district court has ruled on the motion to set a supersedeas bond or until June 11, 2021, whichever is earlier.

Rebeca C. Martinez, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 28th day of May, 2021.

MICHAEL A. CRUZ, Clerk of Court